IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

CIVIL CASE NO. 3:07cv117

| | |
|---|---|
| WE THE PEOPLE OF MECKLENBURG, COUNTY, L.L.C., GEORGE HUNT, and MARY HUNT, <br><br> Plaintiffs, <br><br> vs. <br><br> WE THE PEOPLE USA, INC., DOLLAR FINANCIAL CORP., WTP ACQUISITION CORP., IRA DISTENFIELD and LINDA DISTENFIELD, <br><br> Defendants. | **O R D E R** |

**THIS MATTER** is before the Court on the Response of Plaintiffs, filed March 7, 2008 [Doc. 24], to the Memorandum and Recommendation of United States Magistrate Judge David Keesler, filed February 28, 2008 [Doc.23]. Pursuant to 28 U.S.C. §636 and Standing Orders of Designation, the Motion of Defendants We The People USA, Inc., Dollar Financial Corp., and WTP Acquisition Corp. (Corporate Defendants) to Dismiss or

1

Stay Pending Arbitration, filed April 26, 2007 [Doc. 10] and Defendants Ira Distenfield and Linda Distenfield's (Individual Defendants) Motion to Dismiss, filed May 21, 2007 [Doc. 18] were referred to the Magistrate Judge for a recommendation as to disposition. The Magistrate Judge recommended that both motions be granted and the undersigned adopts that recommendation.

## PROCEDURAL HISTORY

The Corporate Defendants removed this action from state court on March 16, 2007 before service of the summons and complaint had been effected on the Individual Defendants. [Doc. 1]. After two extensions of time within which to answer or otherwise respond, the Corporate Defendants, as noted above, moved to dismiss the action or to stay it pending arbitration.[1] The Plaintiffs were granted two extensions of time within which to file response to the motion. [Doc. 15, Doc. 17]. Although the deadline for responding to the motion expired on May 25, 2007, no

---

[1]Despite the styling of the pleading as a "Motion to Dismiss or Stay Pending Arbitration," the Corporate Defendants actually sought a mandatory stay pending arbitration as their preferred form of relief. [Doc. 11, at 8]. Dismissal of the action was sought as alternative relief. [Id.].

response was filed by the Plaintiffs until November 1, 2007. [Doc. 20].

In the meantime, the Individual Defendants were served and moved on May 21, 2007 to dismiss based on a lack of personal jurisdiction. [Doc. 18]. The Plaintiffs never filed any response to this motion.

**DISCUSSION**

The Magistrate Judge noted his disapproval of considering a response that was five months late. "A *sua sponte* dismissal of the case might be appropriate based on the Plaintiffs' conduct in this lawsuit; however, the undersigned will leave that option to the consideration of the district judge." [Doc. 23, at 7]. The Magistrate Judge therefore considered the merits of the motion and determined that the parties had entered into an agreement which provided for arbitration and, thus, the matter should be sent for arbitration. [Id., at 7-9]. The Magistrate Judge concluded his decision with a warning to the parties that if they disagreed with any portion of the Memorandum and Recommendation, they must file written objections within ten days. [Id., at 11].

Weel in advance of that deadline, however, on March 7, 2008, the Plaintiffs filed a "Response" [Doc. 24] to the Memorandum and

3

Recommendation in which they state:

> Following submission of Defendants' request to refer this case to arbitration and the filing of their Briefs, Plaintiffs concluded that the existence of a[n] arbitration agreement and the preference in the law for referring cases to arbitration where such an agreement exists, all but mandated that this case would be referred to arbitration. For these reasons, no objection was filed by Plaintiffs in May 2007. When the Court had not ruled on this matter by November, 2007, Plaintiff[s] submitted an opposition brief.
>
> While Plaintiffs recognize the Court has all necessary authority to act *sua sponte*, Plaintiffs request that the recommendations of the Magistrate, which decide the issues on the merits, be adopted and that the Court issue appropriate orders referring this case to arbitration as to all remaining Defendants.

[Doc. 24, at 1-2].

Thus, in this Response, the Plaintiffs recognize that the Magistrate Judge opined that the District Court might conclude to dismiss the case outright as a sanction for failing to timely respond to the motion to dismiss or stay pending arbitration. The Plaintiffs further request that this Court send the matter to arbitration "as to all remaining Defendants." The Court construes this as a concession that the case should be sent to arbitration as to the Corporate Defendants and should be dismissed as to the Individual Defendants.[2]

---

[2]The better practice would be to file a response to a motion within the time allowed by the Court, even if the response is merely a concession.

As such, the Plaintiffs did not file objections to the Memorandum and Recommendation. Instead, they now join in the request for arbitration as to the Corporate Defendants. Moreover, they did not object to the Magistrate's recommendation that the Individual Defendants be dismissed from the action. The undersigned has reviewed the Memorandum and Recommendation and finds that the Magistrate's conclusions and recommendations are accurate and should be adopted. Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985).

**ORDER**

**IT IS, THEREFORE, ORDERED** that the Individual Defendants' Motion to Dismiss [Doc. 18] is hereby **GRANTED** and these Defendants are hereby **DISMISSED**.

**IT IS FURTHER ORDERED** that the Corporate Defendants' Motion to Dismiss or Stay Pending Arbitration [Doc.10] is hereby **GRANTED.**

**IT IS FURTHER ORDERED** that this matter is referred to arbitration

---

After seeking court intervention twice for extensions of time, Plaintiffs filed nothing for over five months. Now, after the Magistrate Judge has been obligated to expend additional court resources, counsel concedes that the case should have been sent to arbitration in May 2007.

and this action is hereby **STAYED** pending arbitration.

**IT IS FURTHER ORDERED** that on or before thirty (30) days from receipt of a decision in arbitration, the parties shall file a written report with this Court.

The Clerk of Court is instructed to administratively close this case file pending arbitration.

Signed: March 10, 2008

Martin Reidinger
United States District Judge